Aug. Term, answered no; and to the latter, yes; in consequence
1803.
of which a verdict was rendered against the plaintiff,
but the writ has never been returned, but has been
handed to the plaintiff's attorney, without any inqui-
sition annexed.

*Per Curiam.* The application is to set aside a writ
of inquiry, when there is none before the court.
There is no return, no inquisition, and nothing to set
aside. There was a written agreement, which does
not appear to have been complied with. The plain-
tiff is in possession of his own writ of inquiry, and we
see no objection to his issuing a new one, for as the
writ is not before us, we cannot grant him the effect
of his motion as to setting it aside.

*Jackson, on the demise of Finch and others,* v. *Johan-
nis Kough.*

DECLARATIONS had been served in these
causes nearly six years ago.

*Van Vechten* moved to amend by inserting several
demises from different lessors.

*Metcalf* opposed it on the ground that it might
vary the tenant's defence.

*Van Vechten* observed, that in the *Warren-Bush*
cases, the same thing had been done. If the defend-
ant relinquish his defence, then all the costs hereto-
fore incurred are to be paid; if he abide by it, then
there is no injury done. The costs in the first case

must be paid up to the day.  This the plaintiff is willing to do, and accept any plea so that the cause might be brought on at the next circuit.

Aug. Term, 1803.

*Per Curiam.*　Amend on those terms.

*Wilhelmus Van Der Mark* v. *James Jackson, on the demise of Ostrander.*

IN ERROR.　Judgment having been entered in the court of common pleas for the county of *Ulster*, on a verdict for the now defendants, the present plaintiff brought his writ of error returnable in this court. To this the clerk of the common pleas made his return in the manner said to have been usually practised in that county, by annexing a transcript of the record, and delivered it to the now plaintiff's attorney, who sent it back with directions to annex the original record.　This was not done but the writ re-delivered to the plaintiff's attorney, with only the transcript returned.

The defendant, without any service of a *scire facias quare executionem non*, and without giving any rule to assign errors, *nonprossed* the plaintiff's writ, before it had been returned and filed, served him with a copy of a bill of costs, and sued out a writ of possession.

*Gardinier*, on affidavit of these facts, moved to set aside the judgment of *nonpros* for irregularity, and that if any writ of possession had been issued, a writ of re-restitution be awarded.